Case 4:22-cv-00672   Document 26   Filed on 01/17/23 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
January 17, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BILAL ABURAJOUH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-22-672 |
| | § | |
| UNITED STATES OF AMERICA and | § | |
| UNITED STATES POSTAL SERVICE, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND OPINION

Bilal Aburajouh was injured in November 2020 while working as a driver for the United Parcel Service. Aburajouh's responsibilities included unloading packages at United States Post Office locations for delivery to their ultimate recipients. The Magnolia, Texas, Post Office regularly accepts packages at its rear loading dock for these "last-mile" deliveries performed by the Postal Service. Packages delivered by Aburajouh and other delivery drivers are regularly placed in metal carts, called "over-the-road" containers, that are kept on the Post Office loading dock. Over-the-road containers are metal carts with doors that open to accept packages from delivery drivers such as Aburajouh. One such door allegedly struck and injured Aburajouh.

The defendants have moved for summary judgment, arguing that the over-the-road cart door that allegedly struck Aburajouh was not defective or unreasonably dangerous, or that any danger posed by the door was open and obvious. (Docket Entry No. 19 at 1).[1]

---

[1] The defendants also move to dismiss the United States Postal Service from this case, arguing that it is not a proper defendant. (Docket Entry No. 19 at 1). Aburajouh does not argue against this relief. The court dismisses the Postal Service. *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988) ("It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit.").

Based on the record, the parties' briefing, and the relevant law, the court grants the motion for summary judgment for the following reasons.

## I. Legal Standard for a Motion for Summary Judgment

"Summary judgment is appropriate where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Springboards to Educ., Inc. v. Pharr-San Juan-Alamo Indep. Sch. Dist.*, 33 F.4th 747, 749 (5th Cir. 2022) (quoting FED. R. CIV. P. 56(a)). "A fact is material if it might affect the outcome of the suit and a factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Thompson v. Microsoft Corp.*, 2 F.4th 460, 467 (5th Cir. 2021) (quoting reference omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion[] and identifying" the record evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"When 'the non movant bears the burden of proof at trial,' a party moving for summary judgment 'may merely point to the absence of evidence and thereby shift to the non movant the burden of demonstrating by competent summary judgment proof that there is [a dispute] of material fact warranting trial.'" *MDK S.R.L. v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022) (alteration in original) (quoting reference omitted). "However[,] the movant 'need not negate the elements of the nonmovant's case.'" *Terral River Serv., Inc. v. SCF Marine Inc.*, 20 F.4th 1015, 1018 (5th Cir. 2021) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)). "If 'reasonable minds could differ' on 'the import of the evidence,' a court must deny the motion." *Sanchez v. Young County*, 956 F.3d 785, 791 (5th Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51 (1986)).

After the movant meets its Rule 56(c) burden, "the non-movant must come forward with 'specific facts' showing a genuine factual issue for trial." *Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 581 (5th Cir. 2021) (quoting references omitted). The nonmovant "must identify specific evidence in the record and articulate the 'precise manner' in which the evidence" aids their case. *Shah v. VHS San Antonio Partners, L.L.C.*, 985 F.3d 450, 453 (5th Cir. 2021) (quoting reference omitted). Of course, all reasonable inferences are drawn in the nonmovant's favor. *Loftin v. City of Prentiss*, 33 F.4th 774, 779 (5th Cir. 2022). But a nonmovant "cannot defeat summary judgment with 'conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'" *Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 369 (5th Cir. 2021) (quoting reference omitted).

## II.     Analysis

The United States argues that Aburajouh's lawsuit is a premises-liability case, not a negligence case. (Docket Entry No. 19 at 9). Suits for injuries to a business invitee occurring on the defendant's premises fall into two categories: negligent activities and premises defects (also called premises liability). "When distinguishing between a negligent activity and a premises defect, [the Texas Supreme Court] has focused on whether the injury occurred by or as a contemporaneous result of the activity itself—a negligent activity—or rather by a condition created by the activity—a premises defect." *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 388 (Tex. 2016) (citation omitted). A negligent activity claim requires a plaintiff to show that she was "injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity." *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992) (citations omitted). "Negligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017) (quoting *Del*

3

*Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010)). Negligence and premises liability are "mutually exclusive" theories of recovery. *Lopez v. Ensign U.S. S. Drilling, LLC*, 524 S.W.3d 836, 845 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

In his declaration, Aburajouh states that he "witnessed one or two United States Postal Service employees" working on the loading dock, but he saw no one working with the container that allegedly injured him. (Docket Entry No. 23-1 ¶ 10). Aburajouh has not provided or pointed to any evidence of contemporaneous activity by a USPS employee that caused his injuries. The court grants the motion to dismiss with respect to the negligence claim.

A premises-liability plaintiff is either a trespasser, a licensee, or invitee with respect to the premises. *Lechuga v. S. Pac. Transp. Co.*, 949 F.2d 790, 794 (5th Cir. 1992). The parties agree that Aburajouh is an invitee of the defendant's premises. To prevail on a premises-liability claim, a plaintiff-invitee must show: "(1) that [the defendant] had actual or constructive knowledge of some condition on the premises; (2) that the condition posed an unreasonable risk of harm; (3) that [the defendant] did not exercise reasonable care to reduce or eliminate the risk; and (4) that [the defendant's] failure to use reasonable care proximately caused the plaintiff's injuries." *Motel 6 G.P., Inc. v. Lopez*, 929 S.W.2d 1, 3 (Tex. 1996).

The defendants argue that there is no evidence that they knew of any dangerous condition on the premises. The court agrees. The defendants' representative, Michael D'Alleva, testified that, in his five years of experience before Abujarouh's accident, he did not know of any problems with over-the-road container doors at the Magnolia Post Office or at other Postal Service locations. (Docket Entry No. 23-2 at 16:5–17). D'Alleva knew of no injuries involving the containers other than incidents in which a container ran over an individual's foot. (*Id.* at 17:2–8). The containers at the Magnolia Post Office are repaired, if necessary, at the United States Postal Service

4

maintenance department at the Houston distribution center. (*Id.* at 14:4–10). Aburajouh presents no evidence that the defendants either knew or should have known of any issue with the container door. He presents no evidence to dispute the results of the defendants' examination, performed after the accident. The examination concluded that there was no problem with the container door. (Docket Entry No. 19 at 9 (citing Docket Entry No. 19-1 ¶¶ 3–4)). And Aburajouh has presented no evidence to dispute the defendants' statement that no similar incident had occurred with any other container door. (*Id.*). While Aburajouh disputes the comprehensiveness of this examination, in addition to other aspects of D'Alleva's declaration, (Docket Entry No. 23 at 13–15), the fact remains that no evidence exists from which a jury could conclude that the defendants had constructive or actual knowledge of any dangerous condition.

Aburajouh also argues that the defendants' motion should be denied on the theory of *res ipsa loquitur*.

> *Res ipsa loquitur,* meaning "the thing speaks for itself," is used in certain limited types of cases when the circumstances surrounding the accident constitute sufficient evidence of the defendant's negligence to support such a finding. *Res ipsa loquitur* is applicable only when two factors are present: (1) the character of the accident is such that it would not ordinarily occur in the absence of negligence; and (2) the instrumentality causing the injury is shown to have been under the management and control of the defendant.

*Haddock v. Arnspiger*, 793 S.W.2d 948, 950 (Tex. 1990) (internal citations omitted). While the instrumentality of injury need not have always been in the defendant's exclusive control, the plaintiff must at least show that "the defendant was in control at the time that the negligence inferable from the first factor probably occurred, so that the reasonable probabilities point to the defendant and support a reasonable inference that he was the negligent party." *Mobil Chem. Co. v. Bell*, 517 S.W.2d 245, 251 (Tex. 1974). "[T]he likelihood of other causes does not have to be completely ruled out, but their likelihood must be 'so reduced that the jury can reasonably find by a preponderance of the evidence that the negligence, if any, lies at the defendant's door.'"

*Schorlemer v. Reyes*, 974 S.W.2d 141, 145 (Tex. App.—San Antonio 1998, pet. denied) (quoting *Porterfield v. Brinegar*, 719 S.W.2d 558, 559 (Tex.1986)).

The defendants argue that Aburajouh's invocation of *res ipsa loquitur* is procedurally improper because it is raised for the first time in his opposition to the motion for summary judgment. (Docket Entry No. 24 at 7). They also argue that the applying doctrine is substantively improper because Aburajouh cannot show that the defendants, rather than a previous delivery driver (not a United States Postal Service employee), or Aburajouh himself, caused any issue with the door. (*Id.*).

It is not clear that *res ipsa loquitur* may be applied in a premises-liability rather than a negligence action. *See Aaron v. Magic Johnson Theatres*, No. 01-04-00426-CV, 2005 WL 2470116, at *5 (Tex. App.—Houston [1st Dist.] Oct. 6, 2005, no pet.) ("The [*res ipsa loquitur*] doctrine does not apply to support a finding of [the defendant's] actual or constructive knowledge of the alleged defects in this premises liability case."); *cf. Ramirez v. Walmart Inc.*, No. 4:19-CV-4356, 2021 WL 2766400, at *3 (S.D. Tex. Apr. 8, 2021) (noting the Texas courts' rejection of the doctrine in slip-and-fall cases).

Assuming *res ipsa loquitur* may apply to a premises-liability claim, it does not apply here. No pleading or record evidence supports an inference that any issue with the over-the-road container door originated, was reported, or occurred when the defendants were working with the door, rather than when Aburajouh or other delivery drivers were working with the door. *See, e.g.*, *Lucas v. Titus Cnty. Hosp. Dist./Titus Mem'l Hosp.*, 964 S.W.2d 144, 155 (Tex. App.—Texarkana 1998, pet. denied) (affirming the trial judge's refusal to submit a *res ipsa loquitur* instruction when "other reasons" besides the defendant's negligence could have caused the dangerous condition).

There is no basis for a jury to conclude that a preponderance of the evidence supports the conclusion that the defendants, rather than some other party, acted negligently.

**III.     Conclusion**

The court grants the motion for summary judgment. (Docket Entry No. 19). Final judgment will be separately entered.

SIGNED on January 17, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge